VILLAGE OF MANCHESTER *v.* WALLACE

APPEAL AND ERROR—CRIMINAL LAW—DRIVING WHILE INTOXICATED—
RIGHT OF JUSTICE OF THE PEACE TO HOLD OFFICE.
> The Court of Appeals will not pass upon the contention of a de-
> fendant that the circuit court in which he was convicted of
> driving while intoxicated lacked jurisdiction on appeal from a
> justice of the peace court because the justice of the peace was
> disqualified from office by virtue of being a city attorney, since
> the qualification of a *de facto* officer cannot be attacked except
> in a direct proceeding to test his right to office.

Appeal from Washtenaw, Ager (William F., Jr.),
J. Submitted Division 2 December 5, 1968, at
Lansing. (Docket No. 4,287.) Decided December
19, 1968. Leave to appeal denied March 11, 1969.
381 Mich 806.

George James Wallace was convicted of driving
a motor vehicle while under the influence of intoxi-
cants. Defendant appeals. Affirmed.

*Thompson & Bishop,* for plaintiff.

*Talbot M. Smith,* for defendant.

PER CURIAM. Defendant was tried and convicted
on a charge of violating a village ordinance pro-
hibiting the driving of motor vehicles while under
the influence of intoxicants. This trial was in justice

---

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 87, 88.

court. He appealed to circuit court and on trial *de novo* was again convicted. His appeal to this Court attacks the jurisdiction of the circuit court because of the alleged disqualification of the justice of the peace, a point defendant offered to prove in circuit court but defendant's request was denied.

The following language from *People* v. *Townsend* (1921), 214 Mich 267, 270 controls:

"We are not inclined to stop and examine the question of whether such magistrate had authority to hold the office he in fact occupied and to which he had color of authority, but content ourselves with applying the rule that if the magistrate was a *de facto* officer his act in this public matter cannot be attacked in this proceeding nor his title to the office be here passed upon. Upon the high ground of public policy and to prevent a failure of public justice we follow the salutary rule that while one is in public office, exercising the authority thereof under color of law, we cannot, except in a direct proceeding to test his right to the office, pass upon the question here raised [right of a municipal judge to hold office], and besides it would avail defendant nothing because there is no difference between the acts of *de facto* and *de jure* officers, so far as the public interests are concerned."

Affirmed.

T. G. KAVANAGH, P. J., and QUINN and MILLER, JJ., concurred.